part of the tract was in hay, and the agent sold the hay to others and went on the field with them to measure it after the lessee had warned him off and had also posted trespass notices and locked the gates, *held* such agent was guilty of a violation of Hurd's R. S., c. 38, § 266, J. & A. ¶ 3958.

2. CRIMINAL LAW, § 93*—*when arraignment and plea unnecessary on appeal to Circuit Court.* On an appeal to the Circuit Court from the judgment of a justice finding a defendant guilty of a misdemeanor, it is not necessary, under Hurd's R. S., c. 79, art. XVIII, §§ 9, 72, J. & A. ¶¶ 7033, 7038 n, p. 3841 that plaintiff in error be arraigned and a plea of not guilty be entered in the Circuit Court.

THOMPSON, P. J., took no part in the consideration of this case.

---

## Shandrow & Kern, Appellees, v. Rust, Swift & Company, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Calhoun county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

### Statement of the Case.

Action by Shandrow & Kern, as partners, against Rust, Swift & Company, partners, to recover an account for goods sold. The action was originally brought before a justice of the peace, and on an appeal to the Circuit Court the trial resulted in a verdict for plaintiffs and judgment was entered thereon. From this judgment, defendant appeals.

The only question involved is whether or not the evidence is sufficient to establish that the goods were sold to defendants, or to another.

Evidence for plaintiffs tended to show that the contract was that of defendants and their contention was supported by the testimony of the third person. De-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fendants' evidence tended to show that they had no connection with the contract, but that it was the contract of such third person.

JOHN J. BRENHOLT, for appellants.

CHARLES J. MACAULEY and T. J. SELBY, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

CONTRACTS, § 389*—*when execution a question for jury.* Evidence as to whether contract for purchase of goods was made by defendants or by a third person, examined and *held* that question was for the jury and that a verdict was not manifestly against the weight of evidence.

---

### Romeo A. Owings, Executor, Appellee, v. Lewis L. Lehman, Appellant.

1. CONTRACTS, § 65*—*when agreement as to price sufficiently certain.* A contract for the sale of bank stock which provides that it shall be "at $230.00 per share with any additions there may have been made to the contingent or surplus fund since the date of this agreement," is not void for uncertainty in its terms as to the price to be paid for the stock.

2. CONTRACTS, § 143*—*when option contract not in violation of Statute of Wills.* An option contract for the sale of bank stock which confers on one party a priority of privilege to purchase, in the event that the other desires to sell, at any time within ten years from its date, and makes it binding upon the latter's heirs, executors or administrators and directs that in case of such latter's death before the expiration of the option period, her executor or administrator shall deliver the stock at the agreed price, is not invalid as an attempted testamentary disposition of the stock without compliance with the Statute of Wills.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.